IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL CAREF, ) | FILED |
| ) | MAY 0 7 2002 |
| Plaintiff, ) | MICHAEL W. DOBBINS |
| ) | CLERK, U.S. DISTRICT COURT |
| v. ) | 02 C 0500 |
| ) | |
| BOARD OF EDUCATION OF THE ) | Judge Bucklo |
| CITY OF CHICAGO; PAUL VALLAS, ) | |
| individually, and in his official capacity ) | Magistrate Judge Ashman |
| as Chief Executive Officer of the Chicago ) | |
| Public Schools; BETTY DESPENZA-GREEN, ) | |
| individually, and in her official capacity ) | |
| as Principal of The Chicago Vocational ) | |
| Career Academy, a sub unit of ) | |
| the Chicago Public Schools, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff, Carol Caref, through counsel, complains against defendants, as follows:

1. Plaintiff, Carol Caref, resides in Chicago, Illinois and at all relevant times has been a tenured teacher and an employee of the Board of Education of the City of Chicago.

2. Defendant, Board of Education of the City of Chicago (hereafter "the Board"), is a governmental body with responsibility for managing and administering the public schools located in Chicago, Illinois.

3. Defendant, Paul Vallas, is sued individually and in his former official capacity of Chief Executive Officer of the Chicago Public Schools.

4. Defendant, Betty DesPenza-Green, is sued individually and in her former official capacity of Principal of the Chicago Vocational Career Academy, a sub unit of the Chicago

Public Schools.

5. This suit is brought pursuant to 42 U.S.C. §1983 with claims arising from the violation of rights protected by the United States Constitution and also asserts claims arising under Illinois law regarding which this Court has pendent jurisdiction.

6. At the time of the events in issue, the plaintiff was employed as a public high school teacher by defendant Board. She had been a teacher with the Board for over a decade and was tenured; as such, she had a vested property interest in employment with the defendant. Plaintiff is a single parent and head of household.

7. During her years as a teacher in the Chicago Public Schools, plaintiff was a member of the Progressive Labor Party and active in community political activities including protests against the activities of racist organizations such as the Klu Klux Klan (KKK) and the Nazi Party. Plaintiff's political activities were conducted openly and lawfully, and she was engaged in lawful political advocacy for social change for the benefit of working people and racial minorities.

8. In December of 1997, the Klu Klux Klan scheduled a racist political rally in Beloit, Wisconsin, in response to which plaintiff, on non-work time, encouraged her friends and co-workers to attend to protest the vile and racist views likely to be expressed by the KKK. On a non-work day, Saturday, in December, 1997, plaintiff attended a demonstration against the KKK in Beloit, Wisconsin. Also in attendance at the anti-KKK rally was at least one Chicago Vocational High School student, who attended with the express permission of her guardian. Although the student was arrested on a minor misdemeanor charge, this was later dismissed.

9. In January of 1999, an investigation was initiated by defendants regarding plaintiff and another Chicago Public School teacher who was also politically active with the

2

Progressive Labor Party. Agents of the defendant Board interviewed students and faculty at Chicago Vocational High School regarding the lawful political activities of plaintiff. Upon being advised by students that investigators were questioning them regarding her political activities, plaintiff filed a grievance through her labor union protesting the covert investigation of her lawful political activity. In April of 1999, defendant Board issued a formal written denial asserting that no investigation was underway. This was untrue.

10. In January, 2000, plaintiff was abruptly suspended without pay pending discharge based on charges arising from the investigation of her political activities, with such charges premised expressly on her lawful political activities and upon the events occurring at the December 1997 anti-KKK rally. In September 2000, these charges were heard before the Illinois State Board of Education. Shortly prior to the hearing, the defendant Board withdrew the bulk of the charges, and only one charge proceeded to hearing. On December 18, 2000, a hearing officer of the State Board of Education dismissed this charge and recommended the reinstatement of plaintiff. Nonetheless, Defendants, Board of Education and Vallas, delayed implementation of the Illinois State Board decision until March 26, 2001, when plaintiff was finally reinstated to employment.

## COUNT I

### Violation of the First and Fourteenth Amendment
### Right to Freedom of Speech and Assembly

11. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 10, as if fully set forth herein.

12. The actions of defendants were intended to, and did, interfere with plaintiff's protected right to freely speak, write, express, and publish her views on all subjects and to

assemble with others to engage in political activity guaranteed by the First and Fourteenth Amendments of the United States Constitution. The actions of the defendants were intended to, and did, punish plaintiff for her expression of views contrary to theirs.

13. Plaintiff was disciplined for lawful political advocacy and distribution of literature based solely on its content while other teachers' comparable advocacy on political or religious issues were tolerated and/or encouraged by defendants. Individual defendant Vallas directed, through the Board, that plaintiff be investigated and prosecuted solely because of the content of her political activity and for the purpose of interfering with lawful political advocacy by plaintiff unrelated to the legitimate interests of the Chicago Public Schools. Individual defendants Vallas and former Principal at Chicago Vocational High School, Betty DesPenza-Green, knowingly sought the removal from employment of plaintiff in retaliation for her lawful political advocacy and for purposes unrelated to the legitimate interests of the Chicago Public Schools.

## COUNT II

### Violation of the Fifth and Fourteenth Amendment Right to Substantive Due Process

14. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 13, as if fully set forth herein.

15. As a public employee and tenured member of the faculty, plaintiff was entitled to substantive due process. The defendants misused their positions of public trust and authority, and acting under color of law, and contrary to the Fifth and Fourteenth Amendments, unlawfully deprived plaintiff of the right to substantive due process by the bringing of baseless charges unsupported by evidence, intending to deprive plaintiff of her entitlement to employment and to interfere with her career as a teacher.

4

## COUNT III

### Violations of the Illinois Constitution

16. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

17. The actions of the defendants violated plaintiff's rights to freedom of speech and association and due process of law under the Illinois Constitution, Article 1, § 2.

WHEREFORE, the plaintiff respectfully requests that the Court:

A. Find for the plaintiff on all claims herein.

B. Order that the defendants compensate plaintiff for all losses herein and award her compensatory damages and order that Defendants Paul Vallas and Betty DesPenza-Green pay punitive damages to plaintiff.

C. Issue injunctive relief to assure plaintiff and other employees of the Board of Education that the unlawful conduct alleged herein will not occur in the future.

D. Award her attorneys' fees and costs.

E. Grant such other relief as is just and proper.

Respectfully submitted,

*Laurie S. Elkin*
One of the attorneys for plaintiff

Stephen G. Seliger
Laurie S. Elkin
Seliger & Elkin, Ltd.
155 North Michigan Ave.
Suite 500
Chicago, Illinois 60601
(312) 616-4244

Doyle O'Connor
O'Connor & Associates, P.C.
1724 Ford Building
615 Griswold
Detroit, MI 48226
(313) 962-3738

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of **PLAINTIFF'S AMENDED COMPLAINT** to be served upon the following counsel of record by mail, postage prepaid, by depositing the same in the U.S. Mail before 5:00 p.m. on this 7th day of May, 2002, addressed as follows:

>Susan O'Keefe
>Senior Assistant General Counsel
>Board of Education of the
>City of Chicago-Law Department
>125 South Clark Street, Suite 700
>Chicago, Illinois 60603

>*Laurie S. Elkin*
>Laurie S. Elkin