Minute Order Form

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 500 | DATE | 10/30/2002 |
| CASE TITLE | Caref vs. Board of Education, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Paul G. Vallas' motion to dismiss plaintiff's amended complaint (22-1) is denied for the reasons set forth on the reverse side of this minute order. Ruling on that motions set for 11/8/02 is therefore vacated.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 3 1 2002 date docketed | |
| | Notified counsel by telephone. | | | 26 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

*Caref v. Bd. of Education, et al.*, No. 02 C 500

Plaintiff Carol Caref is a tenured teacher at Chicago Vocational Career Academy (the "Academy"), a Chicago public school administered by defendant Board of Education of the City of Chicago (the "Board"). In January 1999, the Chicago Public Schools launched an investigation of Ms. Caref, allegedly in connection with political activities she participated in independently of her work. In January 2000, Ms. Caref was suspended without pay based on charges arising from those activities. In December 2000, the investigation of Ms. Caref was resolved in her favor, and she was reinstated in her previous position.

On January 22, 2002, Ms. Caref filed this 42 U.S.C. § 1983 suit against the Board; Paul Vallas, the Chief Executive Officer of the Chicago Public Schools; and Betty Despenza-Green, principal of the Academy, alleging violations of her rights to free speech and due process of law. Two days later, Ms. Caref's counsel sent requests for waiver of summons for each of the three defendants to the Board, in the mistaken belief that the Board was representing all three defendants. Only the Board returned the signed waiver, because in fact, the Board did not represent either Mr. Vallas or Ms. Despenza-Green. On June 14, 2002, the Board sent Ms. Caref's counsel a letter stressing this point. More than two months later, on August 24, 2002, Mr. Vallas was personally served at his home. Mr. Vallas now moves to dismiss the claim against him for failure to serve him with process within 120 days of filing.

Rule 4(m) specifies that if a plaintiff shows good cause for failure of service, the court must extend the time for service. FED. R. CIV. P. 4(m). No good cause has been shown here. Even if the Board had represented all three defendants, only one defendant actually waived service; mere delivery of a waiver form does not constitute service. *Cross v. City of Chicago*, 2001 U.S. Dist. LEXIS 21476, at *6 (N.D. Ill. Dec. 17, 2001) (Andersen, J.). While Ms. Caref's counsel does make some excuse for this initial error, no explanation whatsoever has been offered for the additional 71-day delay in service following the Board's letter of June 14.

In the absence of good cause, a district court may in its discretion grant additional time for service. *Coleman v. Milwaukee Bd. of School Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Factors a court may consider include whether the defendant had actual notice of the suit, whether the delay in service resulted in prejudice to the defendant, and whether dismissal without prejudice would be tantamount to dismissal with prejudice due to the running of the statute of limitations. *Id.*, at 934. Here, while the defendant had no actual notice, prejudice is slight; Mr. Vallas has moved to Philadelphia and faces the inconvenience of proceeding with discovery long-distance, but this should not prevent him from effectively defending himself. The Law Department of the Board of Education has filed an appearance on his behalf. Discovery has just begun. More importantly, the statute of limitations has run, and granting Mr. Vallas' motion would be fatal to Ms. Caref's claim. It is preferable that the case be resolved on its merits rather than by the mistake of Ms. Caref's counsel. Therefore, the motion to dismiss is DENIED.