# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CAROL CAREF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  02 C 0500 |
| v. | ) | |
| | ) | Judge Bucklo |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To:  Stephen G. Seliger               Doyle O'Connor                  Susan O'Keefe
     Seliger & Elkin, Ltd.            O'Connor & Associates, P.C.    Assistant General Counsel
     155 North Michigan, Suite 500    1724 Ford Building              Chicago Board of Education
     Chicago, Illinois 60601          614 Griswold                    125 South Clark, 7th fl
                                       Detroit, MI 48226               Chicago, Illinois 60603

     Mary L. Mikva
     Abrahamson Vorachek & Mikva
     120 North LaSalle Street, Suite 1050
     Chicago, Illinois 60602

    PLEASE TAKE NOTICE that I have filed this day with the Clerk of the above Court **DEFENDANT PAUL VALLAS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, a copy of which is attached hereto and herewith served upon you.

    DATED at Chicago, Illinois this ___ day of November, 2002.

                        Respectfully submitted,

                        MARILYN F. JOHNSON
                        General Counsel

                        By: _____
                        James J. Seaberry
                        Assistant General Counsel
                        Board of Education of the
                        City of Chicago - Law Department
                        125 South Clark Street, Suite 700
                        Chicago, Illinois 60603
                        (773) 553-1700

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL CAREF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 02 C 0500 |
| BOARD OF EDUCATION OF | ) | |
| THE CITY OF CHICAGO | ) | |
| *et al,* | ) | Judge Bucklo |
| | ) | |
| Defendants. | ) | Magistrate Judge Ashman |
| | ) | |
| | ) | |

*(margin, inverted)* U.S. DISTRICT COURT / CLERK / 02 NOV 20 PM 3: 22 / FILED FOR DOCKETING / ED-7

*(stamp)* DOCKETED NOV 2 1 2002

## DEFENDANT PAUL VALLAS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Paul Vallas by his attorneys, General Counsel Marilyn F. Johnson, and Assistant General Counsel, James J. Seaberry and answers Plaintiff's First Amended Complaint as follows:

1.    **Complaint:** Plaintiff, Carol Caref, resides in Chicago, Illinois and at all relevant times has been a teacher and an employee of the Board of Education of the City of Chicago.

     **Response:** Defendant Vallas admits that plaintiff was at all relevant times a tenured teacher and employee of the Board of Education of the City of Chicago.

2.    **Complaint:** Defendant, Board of Education of the City of Chicago (hereafter "the Board"), is a governmental body with responsibility for managing and administering the public schools located in Chicago, Illinois.

     **Response:** Defendant Vallas admits paragraph 2 of Plaintiff's First Amended Complaint.

3.    **Complaint:** Defendant, Paul Vallas, is sued individually and in his former official capacity of Chief Executive Officer of the Chicago Public Schools.

     **Response:** Defendant Vallas admits that plaintiff brings her First Amended Complaint against defendant Vallas as stated, but denies any inference of validity of any of plaintiff's alleged claims. Defendant Vallas further denies that plaintiff is entitled to any relief.

1



4. **Complaint:** Defendant, Betty Despenza-Green is sued individually and in her former official capacity of Principal of the Chicago Vocational Career Academy, a sub unit of the Chicago Public Schools.

**Response:** Defendant Vallas admits that defendant Despenza-Green is named in Plaintiff's First Amended Complaint as alleged but neither admits nor denies any inference of validity of plaintiff's claim as it is not directed towards defendant Vallas.

5. **Complaint:** This suit is brought pursuant to 42 U.S.C. § 1983 with claims arising from the violation of rights protected by the United States Constitution and also asserts claims arising under Illinois Law regarding which this Court has pendent jurisdiction.

**Response:** Defendant Vallas admits that plaintiff asserts claims arising under the United States Constitution and Illinois Law. Defendant Vallas further admits that 42 U.S.C. § 1983 confers jurisdiction upon this Court. Defendant Vallas denies any inference of validity of Plaintiff's First Amended Complaint or any of the claims raised by plaintiff.

6. **Complaint:** At the time of the events in issue, the plaintiff was employed as a public high school teacher by defendant Board. She had been a teacher with the Board for over a decade and was tenured; as such, she had a vested property interest in employment with the defendant. Plaintiff is a single parent and head of household.

**Response:** Defendant Vallas admits that plaintiff was employed as a public high school teacher by defendant Board at the time of the events in issue. Defendant Vallas has insufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7. **Complaint:** During her years as a teacher in the Chicago Public Schools, plaintiff was a member of the Progressive Labor Party and active in community political activities including protests against the activities of racist organizations such the Klu Klux Klan (KKK) and the Nazi Party. Plaintiff's political activities were conducted openly and lawfully, and she was engaged in lawful political advocacy for social change for the benefit of working people and racial minorities.

**Response:** Defendant Vallas has insufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's First Amended Complaint.

8. **Complaint:** In December 1997, the Klu Klux Klan scheduled a racist political rally in Beloit, Wisconsin, in response to which plaintiff, on non-work time, encouraged her friends and co-workers to attend to protest the vile and racist views likely to be expressed by the KKK. On a non-work day, Saturday, in December, 1997, plaintiff attended a demonstration against KKK in

2

Beloit, Wisconsin. Also in attendance at the anti-KKK rally was at least one Chicago Vocational High School student, who attended with the express permission of her guardian. Although the student was arrested on a minor misdemeanor charge, this was later dismissed.

**Response:** Defendant Vallas has insufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of Plaintiff's Amended Complaint. Defendant Vallas admits that on December 6, 1997, plaintiff attended a demonstration as alleged and that at least one CVCA student was in attendance. Defendant Vallas denies that said student had the express permission of her guardian. Defendant Vallas admits that this student was arrested on a misdemeanor charge. Defendant Vallas has insufficient information or knowledge to form a belief as to the truth of the allegation that the charge was dismissed. Defendant Vallas denies any and all remaining inferences and allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. **Complaint:** In January of 1999, an investigation was initiated by defendants regarding plaintiff and another Chicago Public School teacher who was also politically active with the Progressive Labor Party. Agents of the defendant Board interviewed students and faculty at Chicago Vocational High School regarding the lawful political activities of plaintiff. Upon being advised by students that investigators were questioning them regarding her political activities, plaintiff filed a grievance through her labor union protesting the covert investigation of her lawful political activity. In April of 1999, defendant Board issued a formal written denial asserting that no investigation was underway. This was untrue.

**Response:** Defendant Vallas has insufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 9 of Plaintiff's First Amended Complaint, regarding the initiation of any investigation, as said investigation was neither initiated by nor monitored by defendant Vallas. Defendant Vallas denies that any students or faculty at CVCA were interviewed regarding any lawfully political activities of plaintiff. Defendant Vallas is only aware of an investigation into allegations of improper activity on the part of plaintiff. Defendant Vallas admits that plaintiff filed a grievance through her labor union, but denies any covert investigation of plaintiff's lawful political activity. Defendant Vallas has insufficient information to form a belief as to the truth of the allegation that the Board issued any formal denial of any investigation. Defendant Vallas denies the remaining allegations of paragraph 9 of the amended complaint.

10. **Complaint:** In January, 2000, plaintiff was abruptly suspended without pay pending discharge based on charges arising from the investigation of her political activities, with such charges premised expressly on her lawful political activities and upon the events occurring at the December 1997 anti-KKK rally. In September 2000, these charges were heard before the Illinois State Board of Education. Shortly prior to the hearing, the defendant Board withdrew the bulk of the charges, and only one charge proceeded to hearing. On December 18, 2000, a hearing officer of the State

3

Board of Education hearing officer dismissed this charge and recommended the reinstatement of plaintiff. Nonetheless, Defendants, Board of Education and Vallas, delayed implementation of the Illinois State Board decision until March 26, 2001, when plaintiff was finally reinstated to employment.

**Response:** Defendant Vallas admits that plaintiff was suspended without pay in January 2000, based on charges arising from a December 1997 KKK rally. Defendant Vallas denies the remaining allegations contained in the first sentence of paragraph 10 of Plaintiff's First Amended Complaint. Defendant Vallas admits that the original charges brought against plaintiff were amended in September 2000, prior to a dismissal hearing before the Illinois State Board of Education. Defendant Vallas denies any and all remaining allegations contained in the second and third sentences of paragraph 10 of Plaintiff's First Amended Complaint. Plaintiff denies the allegations in the fourth sentence of paragraph 10 but further states that the Illinois State Board of Education hearing officer, Dennis Stoia, issued a decision on December 18, 2000 in which he stated that the Board of Education did not meet its burden of proof on the five charges for four of the five specifications brought against plaintiff. In further answering, Defendant Vallas states that although Stoia did not include a recommendation of reinstatement in his decision, the Board interpreted his decision to include such a recommendation. Defendant Vallas admits that plaintiff was reinstated to her position with the Board of Education on March 26, 2001. Defendant Vallas denies any and all remaining allegations contained in the fifth sentence of paragraph 10 of the amended complaint.

## COUNT I

Violation of the First and Fourteenth Amendment Right to Freedom of Speech and Assembly.

11. **Complaint:** Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 10, as if fully set forth herein.

**Response:** Defendant Vallas adopts, restates, and reincorporates his responses his the allegations of paragraph 1-10 as if fully set forth herein.

12. **Complaint:** The actions of defendants were intended to, and did, interfere with plaintiff's protected right to freely speak, write, express, and publish her views on all subjects and to assemble with others to engage in political activity guaranteed by the First and Fourteenth Amendments of the United States Constitution. The actions of the defendants were intended to, and did, punish plaintiff for her expression of views contrary to theirs.

**Response:** Defendant Vallas denies the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13. **Complaint:** Plaintiff was disciplined for lawful political advocacy and distribution of literature based solely on its content while other teachers' comparable advocacy on political or religious issues were tolerated and/or encouraged by the defendants. Individual defendant Vallas

4

directed, through the Board, that plaintiff be investigated and prosecuted solely because of the content of her political activity and for the purpose of interfering with lawful political advocacy by plaintiff unrelated to the legitimate interests of the Chicago Public Schools. Individual defendants Vallas and former Principal at Chicago Vocational High School, Betty Despenza-Green, knowingly sought the removal from employment of plaintiff in retaliation for her lawful political advocacy and for the purposes unrelated to the legitimate interests of the Chicago Public Schools.

> **Response:** Defendant Vallas denies the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

## COUNT II

Violation of Fifth and Fourteenth Amendment Right to Substantive Due Process.

14.   **Complaint:** Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 13, as if fully set forth herein.

> **Response:** Defendant Vallas adopts, restates, and reincorporates his responses to the allegations of paragraph 1 through 13 as if fully set forth therein.

15.   **Complaint:** As a public employee and tenured member of the faculty, plaintiff was entitled to substantive due process. The defendants misused their positions of public trust and authority, and acting under color of law, and contrary to the Fifth and Fourteenth Amendments, unlawfully deprived plaintiff of the right to substantive due process by the bringing of baseless charges unsupported by evidence, intending to deprive plaintiff of her entitlement to employment and to interfere with her career as a teacher.

> **Response:** Defendant Vallas denies the allegations in the first sentence in paragraph 15 of Plaintiff's First Amended Complaint as this sentence contains incomplete and inaccurate conclusions of law. Defendant Vallas denies each and every remaining allegation in paragraph 15 of Plaintiff's First Amended Complaint.

## COUNT III

Violations of the Illinois constitution.

16.   **Complaint:** Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

> **Response:** Defendant Vallas adopts, restates, and reincorporates his responses to the allegations of paragraph 1 through 15 as if fully set forth herein.

5

17.   **Complaint:** The actions of the defendants violated plaintiff's rights to freedom of speech and association and due process of law under the Illinois Constitution, Article 1, § 2.

**Response:** Defendant Vallas denies the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.   At all time during the events alleged in plaintiff's amended complaint, a reasonable administrator in defendant Vallas' position could have believed that his or her conduct was objectively legal and reasonable in light of the legal rules that were clearly established at the time. Because defendant did not violate clearly established rights, he is entitled to qualified immunity as a matter of law as to plaintiff's federal claims in Counts I and II.

2.   To the extent, if any, defendant Vallas is found to be liable in damages, the amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, wilful and wanton, and negligent conduct, of the plaintiff which was the proximate cause of her injuries.

3.   To the extent plaintiff fails to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate her damages, commensurate with the degree of failure to mitigate attributive to plaintiff by the jury in this case.

4.   A claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution for the following reasons:

   (1)   punitive damages under § 1983 violate due process and are void for vagueness for failing to specify:

      (a)   What sort of conduct gives rise to liability to such damages; and

      (b)   Maximum fine;

   (2)   Multiple awards of punitive damages based on the same conduct violate the double jeopardy provision of the Fifth Amendment to the United States Constitution; and

6

(3)    Any award of punitive damages in a civil case, where guilt has not been proven beyond a reasonable doubt, violate the due process clause of the Fifth Amendment to the United States Constitution.

### JURY DEMAND

Defendant Vallas demands trial by jury.

Respectfully submitted,

MARILYN F. JOHNSON
General Counsel

By: _____
JAMES J. SEABERRY
Assistant General Counsel
Board of Education of the City
of Chicago - Law Department
125 South Clark Street
Chicago, Illinois 60603
(773) 553-1700

Sherri L. Thornton, Associate General Counsel - Litigation

*I will mail Paul Vallas's answer to Plaintiff's 1st amended complaint, today at 5.00 pm.*

7